**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 16-10345-hcm |
| KLD ENERGY TECHNOLOGIES, INC. § | |
| § | |
| DEBTOR. § | CHAPTER 11 |
| § | |
| EIN: 32033226500 § | |
| § | |
| 1611 HEADWAY CIRCLE § | |
| AUSTIN, TEXAS 78754 § | |
| § | |
| § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE REJECTION OF AN UNEXPIRED COMMERCIAL REAL PROPERTY LEASE
(1611 HEADWAY CIRCLE, AUSTIN, TEXAS 78754) EFFECTIVE APRIL 3, 2016**

TO THE HONORABLE M. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW KLD Energy Technologies, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), and hereby submits this Motion for Entry of an Order Authorizing the Rejection of an Unexpired Commercial Real Property Lease (1611 Headway Circle, Austin, Texas 78754) Effective April 3, 2016 (the "Motion"), pursuant to 11 U.S.C. § 365(a). In support of the relief requested in this Motion, Debtor respectfully represents as follows:

**INTRODUCTION, JURISDICTION AND VENUE**

1. On March 25, 2016 (the "Petition Date"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The relief

2

requested in this Motion is sought pursuant to 11 U.S.C. §§ 105(a) and 365(a), and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

**RELIEF REQUESTED**

3. Pursuant to this Motion, Debtor respectfully requests entry of an order authorizing the Debtor to reject the unexpired commercial real property lease for the tenancy located at 1611 Headway Circle, Austin, Texas 78754 ("Lease") and identified in *Exhibit A*. The Debtor requests that the rejection of the Lease be effective as of April 30, 2016.

4. Debtor entered into the Lease on or about March 30, 2012 with WCBC Investors II, L.P. (the "Landlord") for office space in a building located at 1611 Headway Circle, Austin, Texas 78754 (the "Premises"). Debtor will cease operations at the Premises, vacate the Premises, and surrender possession and keys to the Landlord on or before April 3, 2016. Absent rejection of the Lease, pursuant to the Lease, Debtor would continue to be obligated to pay rent for the remainder of the term of the Lease, through March 30, 2018. The Lease provides for gradually increasing monthly base rental payments, and the estimated cost of the payments for the remaining term of the Lease, after April 30, 2016, is approximately $550,800.00. Consequently, the Debtor believes that, in its best business judgment, the Lease should be rejected.

5. Pursuant to § 365(a) of the Bankruptcy Code, Debtor may, subject to Court approval, reject unexpired leases and executory contracts. Section 365(a) provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco & Bildisco*, 465 U.S. 513, 521 (1984). In determining whether the rejection of an unexpired lease or executory contract should be authorized, courts apply the business judgment standard. *See*

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1003); *In re Pilgrim's Pride Corp.*, 403 B.R. 413 (Bankr. N.D. Tex. 2009). Courts agree that the business judgment standard is satisfied when a debtor determines that such rejection will benefit the estate. *See In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989).

6. In addition, bankruptcy courts are empowered to authorize retroactive rejection of an executory contact or unexpired lease under §365(a) of the Bankruptcy Code if the equities favor retroactive rejection. *See*, *e.g.*, *Thinking Machines Corp. v. Mellon Financial Services Corp #1 (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 138 (D. Colo. 2003).

7. After careful review and due deliberation, Debtor has determined in its business judgment that the Lease is unnecessary to the continued operation of Debtor's business, will have no value to the estate after April 3, 2016, and should be rejected. Moreover, the Lease contains terms that are burdensome on Debtor and have no residual value to Debtor. Additionally, Debtor does not believe it is in the estate's best interest for Debtor to spend time, focus, and money on attempting to market the Lease in an attempt to sublease it, even if permitted by the Landlord.

**WHEREFORE, PREMISES CONSIDERED,** Debtor requests that this Court enter an Order authorizing the rejection of the unexpired commercial real property lease for the tenancy located at 1611 Headway Circle, Austin, Texas 78754 lease (Austin office) effective April 3, 2016, and granting other relief as is just and proper.

AUS-6238044-1 527825/1

Dated: March 29, 2016

Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 472-5456
Telecopy: (512) 479-1101
Email: Lynn.butler@huschblackwell.com

By: /s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler
Texas Bar No. 03527350

**PROPOSED COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2016, a true and correct copy of the foregoing pleading is being served via electronic transmission on all parties listed on the Debtor's First-Day Motion Master Service List.

/s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler