**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 16-10345-HCM** |
| **KLD ENERGY TECHNOLOGIES, INC.** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| | § | |
| **EIN: 32033226500** | § | |
| | § | |
| **1611 HEADWAY CIRCLE** | § | |
| **AUSTIN, TEXAS 78754** | § | |
| | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION TO ASSUME LICENSING AGREEMENTS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES KLD Energy Technologies, Inc., ("Debtor") the Debtor-in-Possession, and files this Emergency Motion to Assume Licensing Agreements ("Motion") pursuant to 11 U.S.C. § 365(a), hereby moves this Court for the entry of an Order authorizing the Debtor to assume the agreements attached as Exhibit A and B hereto, and in support of this Motion, the Debtor respectfully represents as follows:

### I.  JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  BACKGROUND

2.     The Debtor was formed for the purpose of developing innovative and sustainable propulsion technologies.  To further that purpose, Debtor entered into two licensing agreements thereby acquiring rights to advanced renewable energy technologies capable of powering electric

vehicles and a broad array of products, including, but not limited to, elevators, air conditioners, pumps and generators.

3.      In short, the licensing agreements grant Debtor the exclusive right to the aforementioned technology necessary to power the line of products offered by the Debtor. Therefore, the technology conveyed to Debtor pursuant to the licensing agreements is imperative to a successful reorganization of the Debtor's business.

### III.      THE LICENSE AGREEMENTS

4.      On or about January 27, 2009, Debtor entered into the License Agreement, as amended, with Green Ray LLC ("Green Ray") under which Green Ray licensed rights to Debtor to exploit certain intellectual property ("Green Ray Agreement").  A true and correct copy of the Green Ray Agreement, and the relevant amendments thereto, is attached and incorporated herein as **Exhibit A**.

5.      Pursuant to the Green Ray Agreement, as amended, Debtor was responsible for making certain royalty payments in exchange for exclusivity of certain licensed motor technologies.  Debtor subsequently failed to make the required minimum royalty payments under the Green Ray Agreement.  Despite Debtor's default, Green Ray agreed to an amendment whereby Green Ray would not sell or license the intellectual property to any third parties prior to December 31, 2016. The Debtor is obligated to pay royalties equal to 3% of revenue with minimum monthly royalty payments of $16,667.  Prior to the December 31, 2016 deadline, the Green Ray Agreement provides Debtor the right to purchase the licensed intellectual property rights from Green Ray for a one-time fee of $185,000.

6.      On or about August 10, 2012, Debtor entered into a development agreement and contingent license agreement, as amended, with Island Park Laboratories, Inc. ("Island Park")

2

under which Island Park licensed Debtor certain rights to exploit certain intellectual property ("Island Park Agreement" together with Green Ray Agreement, the "Agreements"). A true and correct copy of the Island Park Agreement, and amendments thereto, is attached and incorporated herein as **Exhibit B**.

7. Pursuant to the Island Park Agreement, as amended, Debtor was granted an exclusive license to certain battery and motor technologies so long as Debtor made certain per unit and quarterly royalty payments to Island Park. In the fourth quarter of 2015, Debtor failed to make sufficient royalty payments to Island Park under the Island Park Agreement.

8. Despite Debtor's failure to make sufficient royalty payments, Island Park entered into an amendment with Debtor whereby Island Park would refrain from exercising its contingent right to offer the licensed technology to third parties through December 31, 2016 in exchange for monthly payments of $16,667 and quarterly payments equal to 3% of revenues.[1] On or before December 31, 2016, the amendment provides Debtor the right to buy out Island Park's contingent rights for a one-time fee of $150,000.

## IV. RELIEF REQUESTED

9. By this Motion, Debtor seeks entry of an Order, pursuant to section 365 of the Bankruptcy Code, authorizing Debtor to assume the Agreements.

10. Pursuant to 11 U.S.C. § 1107, the Debtor-in-Possession has the rights and powers of the trustee in bankruptcy subject to a few inapplicable exceptions described in 11 U.S.C. § 1106(a)(2), (3), and (4).

11. Section 365(a) of the Bankruptcy Code allows the trustee to assume any executory contract of the Debtor "subject to the court's approval."

---

[1] The term "revenue," as used in paragraph 9, shall have the meaning of royalty revenues, non-recurring engineering fees, grant revenue, and any product sales revenue received by Debtor, less payments made pursuant to section 8f(vi) of the Island Park Agreement.

3

12.    The Agreements are valuable assets to the Debtor's bankruptcy estate as the licensed technology is the primary source of future revenues and critical to the continued operations of the Debtor. Therefore, Debtor's interest in the Agreements is expected to generate considerable revenue for the Debtor's estate.  Moreover, the assumption of the Agreements is imperative to the Debtor's viability as a reorganized business.

13.    The assumption of the Agreements will benefit Debtor, its estate, and its creditors and is in the best interest of Debtor's bankruptcy estate.

14.    No trustee or examiner has been appointed in this Chapter 11 case.

15.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Debtor respectfully requests the entry of an Order authorizing the Debtor to assume the Agreements and granting such other and further equitable relief as this Court deems just and proper.

Dated: March 29, 2016                    Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:  (512) 472-5456
Telecopy:    (512) 479-1101
Email:  Lynn.butler@huschblackwell.com


By:  /s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler
Texas Bar No. 03527350


**PROPOSED COUNSEL FOR DEBTOR**

AUS-6238037-1 527825/1

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, a true and correct copy of the foregoing pleading is being served via electronic transmission on all parties listed on the Debtor's First-Day Motion Master Service List.

               /s/ *Lynn Hamilton Butler*
               Lynn Hamilton Butler

AUS-6238037-1 527825/1