**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 07, 2018.**



_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KLD ENERGY TECHNOLOGIES, INC., | § | CASE NO. 16-10345-HCM |
| | § | |
| 8910 Research Blvd., Bldg. B-1 | § | |
| Austin, TX 78754 | § | CHAPTER 11 |
| | § | |
| Taxpayer Identification No.: 32033226500 | § | |
| | § | |
| DEBTOR. | § | |

## ORDER GRANTING MOTION OF KLD ENERGY TECHNOLOGIES, INC. FOR ENTRY OF A SECOND ORDER (A) APPROVING UPDATED BIDDING PROCEDURES, (B) SCHEDULING BID DEADLINES AND AN AUCTION, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

On February 5, 2018, the Court considered the Motion for Entry of a Second Order (A) Approving Updated Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of Notice Thereof ("Motion") filed by KLD Energy Technologies, Inc., the above captioned debtor in possession (the "Debtor").

The United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"), has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Based upon the representations of counsel and evidence presented at the hearing, the Court finds that notice of the Motion was sufficient under the circumstances and hereby GRANTS the Motion as set forth herein.

The Court approves of the Bid Procedures (the "Bid Procedures") attached hereto as Exhibit A and fully incorporated herein.

The following dates and deadlines regarding the Bidding Procedures are hereby set as follows:

- a. **Deadline to Serve Cure Notice**: **Monday, February 19, 2018.**

- b. **Deadline to Object to Cure Notice for Regular Sale**: **Friday, March 9, 2018.**

- c. **Deadline to Object to Cure Notice for Credit Bid Sale: Friday, April 20, 2018.**

- d. **Credit Bid Deadline: Friday, March 9, 2018, at 5:00 p.m. (prevailing Central Time)** is the deadline by which any credit bid submitted by a creditor with rights to credit bid under 11 U.S.C.§ 363(k) (a "Credit Bid") must be *actually received* by the parties specified in the Bidding Procedures (the "Credit Bid Deadline"). In order to be considered as a Qualified Bid, a credit bid must meet each of the requirements set forth in the Bidding Procedures except VI(m).

- e. **Cash Bid Deadline**: **Wednesday, March 21, 2018, at 5:00 p.m. (prevailing Central Time)** is the deadline by which all other "Qualified Bids" (as defined in the Bidding Procedures) must be *actually received* by the parties specified in the Bidding Procedures (the "Bid Deadline").

- f. **Deadline to Identify and Notify Qualified Bidders, to Announce Starting Bid, and to File Notice of Starting Bid: Thursday, March 22, 2018, by 5:00 p.m. (prevailing Central Time)**.The notice shall include a copy of the asset purchase agreement reflecting the Starting Bid, along with all schedules thereto.

g. **Auction: Monday, March 26, 2018, at 10:00 a.m. (prevailing Central Time)** is set to commence at the law offices of Husch Blackwell, LLP, 111 Congress Avenue, Suite 1400, Austin, Texas 78701.

h. **Deadline to File Sale Motion**: **Tuesday, March 27, 2018, by 5:00 p.m.** (**prevailing Central Time**).

i. **Deadline to Object to Sale Motion (other than Cure Notice Objection): April 3, 2018, at 5:00 p.m. (prevailing Central Time)**: Objections must be filed asserting any basis other than an objection to the cure amount which has a separate deadline set forth above for objecting to proposed transaction, including legal and factual grounds for opposing transaction and/or cure amount.

j. **Deadline to Object to Sale Motion Related to a Credit Bid Sale:  April 20, 2018, by 5:00 p.m. (prevailing Central Time)**

k. **Cash Bid Sale Hearing: Monday, April 9, 2018 at 10 a.m. (prevailing Central Time)** is the date and time the Sale Hearing is set to commence before the Court. No Credit Bid shall be considered at the Cash Bid Sale Hearing on April 9, 2018.

l. **Credit Bid Sale Hearing: Thursday, April 26, 2018, at 10 a.m. (prevailing Central Time)** is the date and time any Credit Bid made pursuant to the Bid Procedures and submitted by the Debtor under the Sale Motion, if any, shall be considered by the Court.

Within three business days of entry of the Order, the Debtor will provide notice of the auction (along with the Bid Procedures) and related dates and times upon the following parties (collectively, the "Notice Parties"): (a) the United States Trustee for the Western District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor (on a consolidated basis); (c) counsel to the Debtor's lenders; (d) the Internal Revenue Service; (e) any parties who have expressed written interest in purchasing the Debtor's assets; (f) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in any of the Debtor's assets offered for sale; (g) all non-Debtor parties to any executory contract or unexpired contract to which a Debtor is a party; (h) all applicable state and local taxing authorities; (i) each governmental agency that is an interested party with respect to the proposed Auction and the

transactions proposed thereunder; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.

The Court approves of the procedures to facilitate the fair and orderly assumption, assumption and assignment, or rejection of certain of the Debtor's executory contracts and unexpired leases (each, as applicable, a "<u>Executory Contract</u>" or "<u>Unexpired Lease</u>," and, collectively, the "<u>Executory Contracts and Unexpired Leases</u>"), as may be designated in the purchase agreement or any other Successful Bid (the "<u>Assumption Procedures</u>"). The Assumption Procedures are as follows:

a. **<u>Cure Notice</u>**. On or before **Monday, February 19, 2018**, the Debtor shall file with the Court and serve via first class mail, electronic mail, or overnight delivery notice on all non-Debtor Contract and Lease counterparties (collectively, the "<u>Contract Parties</u>," and each, a "<u>Contract Party</u>").

b. **<u>Content of Cure Notice</u>**. The cure notice shall notify the applicable Contract Parties that the Executory Contracts and Unexpired Leases may be subject to assumption and assignment in connection with the proposed Sale Transaction and contain the following information: (i) identification of the applicable Executory Contracts and Unexpired Leases; (ii) the applicable Contract Parties; (iii) the Debtor's good faith estimates of the corresponding cure amounts required to cure any and all outstanding defaults under the Executory Contracts and Unexpired Leases (the "<u>Cure Amount</u>"); and (iv) the deadline by which any Contract Party to an Executory Contract or Unexpired Lease may file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto; *provided* that service of a cure notice does not constitute an admission that such Executory Contract or Unexpired Lease is an executory contract or unexpired lease or that such Executory Contract or Unexpired Lease will be assumed at any point by the Debtor or assumed and assigned pursuant to the Purchase Agreement or any other Successful Bid.

c. **<u>Objections</u>**. Objections, if any, to a cure notice must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, state the cure amount alleged to be owed to the objecting Contract Party, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served so as to be <u>actually received</u> by counsel to the Debtor by **Friday, March 9, 2018**. Any objection will be adjudicated at or before the Sale Hearing.

d.  **Effects of Filing an Objection to a Cure Notice**. A properly filed and served objection to a cure notice will reserve such objecting party's rights against the Debtor only with respect to the assumption and assignment of the Executory Contract or Unexpired Lease, at issue, and/or objection to the accompanying Cure Amount, as set forth in the objection, but will not constitute an objection to the remaining relief requested in this Motion. Any objection will be adjudicated at or before the April 9, 2018 Cash Bid Sale Hearing.

e.  **Expedited Discovery in Connection with Contested Matters and Adversary Proceedings.** Affected parties shall work cooperatively to schedule necessary depositions and discovery by agreement on an expedited basis. In the event the parties are not able to reach agreement, the Court may intervene and impose appropriate sanctions, as needed.

The Debtor will provide notice of this Order to the following parties or their respective counsel (if known): (a) the United States Trustee for the Western District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtor (on a consolidated basis); (c) counsel to the Debtor's lenders; (d) the Internal Revenue Service; (e) any parties who have expressed written interest in purchasing the Debtor's assets; (f) all entities known or reasonably believed to have asserted a lien, encumbrance, claim, or other interest in any of the Debtor's assets offered for sale; (g) all non-Debtor parties to any executory contract or unexpired contract to which a Debtor is a party; (h) all applicable state and local taxing authorities; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

###

Order submitted by:

Lynn Hamilton Butler
State Bar No. 03527350
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
512-472-5456 / 512-479-1101 (fax)
Lynn.butler@huschblackwell.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| KLD ENERGY TECHNOLOGIES, INC., | § § | CASE NO. 16-10345-HCM |
| 8910 Research Blvd., Bldg. B-1 Austin, TX 78754 | § § § | CHAPTER 11 |
| Taxpayer Identification No.: 32033226500 | § § § | |
| DEBTOR. | § § | |

**PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF THE DEBTOR'S ASSETS**

On February 5, 2018, the United States Bankruptcy Court for the Western District of Texas (the "Court") entered an order [Docket No. ___] (the "Bidding Procedures Order") in the above-captioned bankruptcy case of KLD Energy Technologies, Inc. (the "Debtor") setting forth the following procedures (the "Bidding Procedures") by which the Debtor is authorized to conduct one or more sale transactions (each, a "Sale") as part of an auction ("Auction") of all or substantially all of its assets (collectively, the "Assets").

**COPIES OF THE BIDDING PROCEDURES ORDER, THE BIDDING PROCEDURES, OR OTHER DOCUMENTS RELATED THERETO ARE AVAILABLE ON REQUEST TO HUSCH BLACKWELL LLP BY CALLING PENNY KELLER AT (512) 472-5456 OR EMAILING PENNY.KELLER@HUSCHBLACKWELL.COM.**

**I.    Assets to be Auctioned**

The Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in an Auction, thereby competing to make the highest or otherwise best offer or combination of offers that in the aggregate will make the highest or otherwise best offer to purchase the Assets.

The Assets will be offered for sale as a whole or piecemeal in any combination. The Debtor may consider bids ("Bids") or multiple Bids from multiple bidders for the Assets or any combination of the Debtor's assets.

**II.    Public Announcement of Auction**

Within three business days of the entry of the Bidding Procedures Order, the Debtor shall serve a notice of the auction (the "Auction Notice") pursuant to the terms of the Bidding Procedures Order. In addition, within three business days of entry of the Bidding Procedures Order, the Debtor will publish the Auction Notice, with any modifications necessary for ease of

publication, in the *Austin Business Journal* to provide notice to any other potential interested parties. In addition, the Debtor will serve the Auction Notice to all creditors and parties in interest and all entities known to the Debtor as potential purchasers of the Debtor's assets.

**III.     Participation Requirements**

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person or entity interested in purchasing one or more of the Assets (a "Potential Bidder") must deliver via email (unless previously delivered) to counsel for the Debtor at lynn.butler@huschblackwell.com, the following preliminary documentation:

- a. an executed confidentiality agreement (a "Confidentiality Agreement") acceptable to the Debtor, which Confidentiality Agreement shall include a provision stating that the Potential Bidder agrees that it will not, directly or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtor or any Sale with any customer, supplier, or contractual counterparty of the Debtor without the prior written consent of the Debtor;

- b. preliminary proof by the Potential Bidder of its financial capacity to close the proposed transaction (including current audited or verified financial statements of, or verified financial commitments obtained by, the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach of any sale agreement), the adequacy of which must be acceptable to the Debtor and its advisors; and

- c. details regarding the ownership and capital structure of the Potential Bidder, including detail related to the Potential Bidder's beneficial owners, ultimate beneficial owners and controlling entities and any relationships between the Potential Bidder and current or prior employees, officers, directors and/or shareholders of the Debtor.

The Debtor shall determine and notify the Potential Bidder as to whether such Potential Bidder has submitted acceptable preliminary documentation so that the Potential Bidder may conduct a due diligence review with respect to the Debtor and/or the applicable Assets. Only those Potential Bidders that have submitted acceptable preliminary documentation (each, an "Acceptable Bidder") may submit bids to purchase any of the Assets.

**IV.     Obtaining Due Diligence Access**

The Debtor shall provide each Acceptable Bidder reasonable due diligence information, as requested, subject to the terms of these Bidding Procedures, as soon as reasonably practicable after such request. The due diligence period will end on the Bid Deadline (as defined herein). No conditions relating to the completion of due diligence by an Acceptable Bidder shall be permitted to exist after the Bid Deadline, except as agreed upon by the Debtor at the Debtor's sole discretion.

In connection with the provision of due diligence information to Acceptable Bidders, the Debtor shall not furnish any confidential information relating to the Debtor or any Sale to any person except an Acceptable Bidder or such Acceptable Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement.

The Debtor and its advisors shall coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; *provided* that the Debtor may decline to provide such information to Acceptable Bidders who, in the Debtor's reasonable business judgment, have not established that such Acceptable Bidders intend in good faith to or have the capacity to consummate any Sale.

## V.     Indications of Interest

The Debtor reserves the right, in consultation with its professionals, to require Acceptable Bidders to submit written indications of interest prior to the Bid Deadline specifying, among other things, the Assets proposed to be acquired, the amount and type of consideration to be offered, and any other material terms to be included in a bid by such party. An Acceptable Bidder that fails to comply with any such request by the Debtor, in the Debtor's discretion and in consultation with its professionals, may not be provided further diligence access or be permitted to participate further in the auction process. The Debtor also reserves the right to exclude any Acceptable Bidder (prior to its submission of a Qualified Bid, as defined below) from continuing in the auction process if the Debtor determines, in consultation with its professionals, that the consideration proposed to be paid by such Acceptable Bidder is insufficient or if such Acceptable Bidder has failed to provide proof of adequate financial ability to close a sale.

## VI.    Bid Requirements

To participate in the Auction, an Acceptable Bidder must deliver to the Debtor and its advisors an irrevocable offer for purchase of the Assets that shall be implemented through a sale pursuant to section 363 of the Bankruptcy Code, and shall meet the following criteria:

a. Bids must not be conditioned on any financing contingency or the outcome or completion of a post-auction due diligence review by the potential bidder;

b. For MyWay to submit a Qualified Bid, it must deposit the entire amount of its purchase price in the Husch Blackwell trust account or an agreed-upon escrow account located in the United States, and MyWay's Bid must be for an equal or greater consideration than previously approved by the Court;

c. Bidder must provide the Debtor, before the Bid Deadline, with sufficient and adequate information to demonstrate, to the satisfaction of the Debtor, that such bidder has the financial wherewithal and ability to consummate a sale;

d. Bids must include an executed purchase agreement;

e. Bids must explicitly state any and all permitted contingencies or conditions to closing of a Qualified Bid must be explicitly stated in the bid or otherwise deemed waived;

f.  Bids must provide that they remain irrevocable until the sale order is entered, with unsuccessful bidders agreeing to stay in priority order as Back-Up Bids (as defined in the Bidding Procedures) in case the successful bidder fails to consummate the sale transaction;

g.  On or before the Bid Deadline, Bidders must submit a cash deposit of $50,000.00 ("Good Faith Deposit") accompanying each Bid, by wire transfer to an account established by the Debtor and to be released upon withdrawal of bidder or entry of sale order; provided, however, that this provision may be waived by the Debtor in its reasonable business judgment.

h.  Bids must clearly state which of the Assets the Bidder seeks to acquire, including a designation of which executory contracts are to be assumed and assigned to Bidder, with any contracts not specifically rejected by the Bid deemed to be assumed pursuant to the Bid;

i.  Bids for less than all of the Debtor's Assets are permitted;

j.  To the extent that any Qualified Bid includes an assumption of the Debtor's liabilities or a credit bid component under Bankruptcy Code § 363(k) (a "Credit Bid"), the Qualified Bid must expressly specify the extent and amount of the assumption and/or credit bid ("Non-Cash Component") and contain an indemnification of the Debtor for any proposed assumed liabilities;

k.  Bidders must sign and execute a Confidentiality Agreement before access to the data room, which will be set up prior to disclosure of proprietary information;

l.  Bidders must fully disclose the identity of each entity and entity's shareholders, partners, investors and ultimate controlling entities, including but not limited to any creditors or equity holders of the Debtor, that will be bidding for or purchasing the Assets or part of the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, along with sufficient evidence that the Acceptable Bidder is legally empowered to complete the transactions on the terms contemplated by the parties

m.  Except as authorized by Bankruptcy Code § 363(k) and limited herein by VI(n), only cash bids may be submitted.

n.  Credit Bids will not be submitted by the Pre-Petition Secured Creditor Group (defined herein as Slosberg, Masaryk, and the Nader Group) except as a back-up bid to the Successful Bid or in the event no Qualified Bid is submitted in an amount necessary to pay all Pre-Petition Secured Creditor Group claims in full, with interest and attorneys' fees.  In addition, the Pre-Petition Secured Creditor Group reserves the right to submit a Credit Bid pursuant to these Bid Procedures if there are material pre-conditions to closing, for example, financing conditions.  Any Credit Bid shall only be considered at the Credit Bid Sale Hearing.

Only Bids fulfilling all of the preceding requirements contained in this section, as applicable, may, at the Debtor's reasonable discretion, be deemed to be "Qualified Bids," and only those parties submitting Qualified Bids may, at the Debtor's reasonable discretion, be deemed to be "Qualified Bidders." By March 22, 2018, the Debtor shall consult with its professionals and shall determine which Acceptable Bidders are Qualified Bidders and will notify the Acceptable

Bidders are Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any bid that is not deemed a Qualified Bid shall not be considered by the Debtor. The information submitted by a Qualified Bidder may be shared confidentially with Green Ray so long as Green Ray and Caamano agree not to use or share the information, except with its counsel in evaluating its position as to any contemplated transaction.

**VII.    Bid Deadline**

**Binding Credit Bids must be received by the Debtor's counsel, Husch Blackwell LLP, 111 Congress Avenue, Suite 1400, Austin, Texas 78701, Attn: Lynn H. Butler (lynn.butler@huschblackwell.com) on Friday, March 9, 2018 (the "<u>Bid Deadline</u>").**

**Binding bids (other than Credit Bids) must be received by the Debtor's counsel, Husch Blackwell LLP, 111 Congress Avenue, Suite 1400, Austin, Texas 78701, Attn: Lynn H. Butler (lynn.butler@huschblackwell.com) on Wednesday, March 21, 2018 (the "<u>Bid Deadline</u>").**

**Debtor's counsel will notify bidders and all creditors and parties in interest in the case of the Qualifying Bids on Thursday, March 22, 2018.**

**VIII.    Evaluation of Qualified Bids**

The Debtor shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's judgment, the highest or otherwise best bid or combination of bids for the Assets (the "<u>Starting Bid</u>"), which shall be evaluated in terms of net consideration to the Debtor's estate after deducting the Bid Protections. On March 22, 2018, the Debtor shall notify each Qualified Bidder as to which Qualified Bid is the Starting Bid for the Auction with respect to the applicable Assets. The Debtor shall distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid. The Debtor shall also file a notice of the Starting Bid with the Court and serve upon the Master Service List in the Bankruptcy Case on March 22, 2018. The notice shall include a copy of the asset purchase agreement reflecting the Starting Bid.

**IX.    No Qualified Bids**

If no Qualified Bids are received by the Bid Deadline, or if only one Qualified Bid is received by the Bid Deadline, then the Debtor may cancel the Auction and, as applicable, select such bid as the Successful Bid, and then pursue entry of a Sale Order, approving a sale of the Assets to such Successful Bidder pursuant to the applicable Purchase Agreement.

**X.    Auction**

If one or more Qualified Bids are received by the Bid Deadline with respect to any applicable Assets, then the Debtor shall conduct an auction (the "<u>Auction</u>" with respect to such Assets. The Auction for each Asset shall commence on **March 26, 2018, at 10:00 a.m. (prevailing Central Time)**, at the law offices of Husch Blackwell, LLP, 111 Congress Avenue, Suite 1400, Austin, Texas 78701.

4828-0769-4939.1

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

a. Except as otherwise provided herein, the Auction will be conducted openly;

b. Only Qualified Bidders shall be entitled to bid at the Auction;

c. The Qualified Bidders shall appear at the Auction in person or through duly authorized representatives;

d. Only a reasonable number of authorized representatives of the Debtor, the Debtor's lenders, Green Ray, ADFG, and their respective advisors, shall be permitted to attend the Auction;

e. Bidding shall begin with the Starting Bid(s);

f. Subsequent bids with respect to the Assets shall be made in minimum increments of $100,000;

g. Each Qualified Bid shall be evaluated in terms of net cash and non-cash consideration (including any assumption of liability or credit bidding) to the Debtor's estate;

i. Each Qualified Bidder will be informed of the terms of the Qualified Bids;

j. The Auction will be transcribed to ensure an accurate recording of the bidding at the Auction;

k. Each Qualified Bidder will be required to confirm on the record that it has not engaged in any collusion with respect to the bidding or any Sale;

1. The Court and the Debtor will not consider Bids made after the Auction has been closed;

m. The Auction shall be governed by such other Auction Procedures as may be announced by the Debtor, from time to time on the record at the Auction, including, for example, other Auction Procedures necessary for the Debtor to consider any bids to purchase fewer than all of the Assets; and

n. Notwithstanding anything herein to the contrary, the Debtor may at any time choose to adjourn the Auction by either filing a notice on the docket of the Court or making a statement in open court.

**XI. Acceptance of the Successful Bid**

Upon the conclusion of the Auction (if conducted), the Debtor shall, in its reasonable business judgment, in a manner consistent with the exercise of its fiduciary duties, and in consultation with its professionals, determine which bid or combination of bids is the highest or otherwise best bid to purchase any or all of the Assets (each, a "Successful Bid"). The Qualified Bidder that submits a Successful Bid will be deemed the "Successful Bidder" with respect to the applicable Assets.

Each Successful Bidder and the Debtor shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made.

The Debtor shall incorporate the results of the Auction, including the Successful Bid(s) and any Back-Up Bids, into a Motion to Sell which will request an order approving such Successful Bid(s) pursuant to sections 105(a), 363(b), and 365 of the Bankruptcy Code. **The Motion to Sell must be filed by March 27, 2018, and shall be served by email on all creditors and parties in interest. The deadline to object to the Motion to Sell on any basis shall be Tuesday, April 3, 2018 at 5:00 p.m. (prevailing Central Time).**

## XII. Designation of Back-Up Bidder

If for any reason a Successful Bidder fails to consummate the purchase of any or all of the Assets within the time permitted after the entry of the Confirmation Order or any Sale Order, as applicable, approving any such Sale to the applicable Successful Bidder, then the Qualified Bidder with the second highest or otherwise best bid or combination of bids (the "Back-Up Bid") to purchase such Assets (the "Back-Up Bidder"), as determined by the Debtor, at the conclusion of the Auction and announced at that time to all the Qualified Bidders participating therein, will automatically be deemed to have submitted the Successful Bid for such Assets, and the Back-Up Bidder shall be deemed a Successful Bidder for such Assets and shall be required, at the reasonable discretion of the Debtor to consummate any Sale with the Debtor as soon as is commercially practicable without further order of the Court.

## XIII. Approval of Sale Transactions

The Debtor will present for approval the results of the Auction to the Court at the April 9, 2018 Cash Bid Sale Hearing, and/or, if applicable, at the April 26, 2018 Credit Bid Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that: (1) the Auction was conducted, and the Successful Bidder was selected, in accordance with the Bidding Procedures; (2) the Auction was fair in substance and procedure; (3) the Successful Bid was a Qualified Bid as defined in the Bidding Procedures; and (4) consummation of any Sale as contemplated by the Successful Bid in the Auction will provide the highest or otherwise best offer for the Debtor and the Assets, and is in the best interest of the Debtor and its estate.

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM**

**ASSERTING ANY OBJECTION TO SUCH SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE SELLING DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT.**

**ANY PARTY HOLDING A SECURED CLAIM AGAINST THE DEBTOR WHO FAILS TO TIMELY MAKE AN OBJECTION TO A SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE DEEMED TO CONSENT TO THE SALE OF SUCH ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE § 363(f)(2), EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT.**

The Cash Bid Sale Hearing is scheduled to take place on **April 9, 2018, at 10:00 a.m.(prevailing Central Time)**, or as soon thereafter as counsel may be heard, before the Honorable H. Christopher Mott, United States Bankruptcy Court for the Western District of Texas. Any Credit Bid submitted pursuant to the Bid Procedures subject to the Sale Motion filed by the Debtor, if any, shall be considered at the Credit Bid Sale Hearing on April 26, 2018, at 10:00 a.m.

## XIV. Return of Good Faith Deposit

The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the Assets. If a Successful Bidder fails to consummate any Sale, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by the Debtor. The Good Faith Deposit of any unsuccessful Qualified Bidders will be returned as soon as practicable after the Cash Bid Sale Hearing.

## XV. Reservation of Rights

Except as to matters involving litigation of contested matters and adversary proceedings, which may only be modified by agreement of all affected parties or by Order of the Bankruptcy Court, the Debtor reserves its right to modify these Bidding Procedures in its reasonable business judgment, and in a manner consistent with the exercise of its fiduciary duties, in any manner that will best promote the goals of the bidding process, or impose, at or before the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (A) extending the deadlines set forth in these Bidding Procedures; (B) adjourning the Auction without further notice; (C) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (4) canceling the Auction; (5) rejecting any or all Bids or Qualified Bids; and (6) adjusting the applicable minimum overbid increment, including by requesting that Qualified Bidders submit last or final bids on a "blind" basis. Notwithstanding anything to the contrary herein, if the Debtor seeks to (i) waive the requirements for a Qualified Bid or (ii) cancel the Auction, the Debtor must obtain an Order of the Bankruptcy Court if it would be materially inconsistent with the Bidding Procedures.

4828-0769-4939.1

AUS-6473972-2